UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CAROLYN S. DENNIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:11 CV 58 |
| JOHN E. POTTER, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Defendants the United States Postal Service and United States Postmaster General Megan Brennan[1] have moved for reconsideration of the court's order granting in part and denying in part their motion for summary judgment. (DE # 52.) Plaintiff has filed a response (DE # 56), and defendants have filed a reply (DE # 57). For the following reasons, defendants' motion for reconsideration is granted.

In its original order on defendants' motion for summary judgment, the court granted defendants' motion as it related to plaintiff's Title VII claim but denied the motion as it related to plaintiff's FMLA claim.[2] (DE # 50.) With regard to plaintiff's

---

[1] Plaintiff originally sued a different Postmaster General. Postmaster General Brennan took office in 2015. *See* Fed. R. Civ. Pro. 25(d).

[2] It is important to keep in mind which of defendants' actions plaintiff actually contends violated the FMLA. In her amended complaint, plaintiff identifies the alleged FMLA violation in this case – the delay in approving one leave slip. (DE # 32 at 3 ¶ 18.) Plaintiff confirmed that allegation in her response to defendants' original motion for summary judgment, noting that she turned in a leave slip on March 2, 2010, which was not timely approved, and that violated the FMLA. (DE # 47 at 23.) Plaintiff also explained that she believed defendants violated the FMLA when plaintiff submitted leave slips that were intended to be FMLA leave but defendants did not grant the leave

FMLA claim, the court concluded that plaintiff suffered harm as a result of the alleged FMLA violations because she was forced to use other types of leave after her leave was not designated FMLA leave. Defendants now seek reconsideration of that conclusion.

Plaintiff alleges that defendants are liable for violating the FMLA. (DE # 47 at 22.) "The FMLA makes available to eligible employees up to twelve weeks of leave during any twelve-month period for . . . the inability of the employee himself to perform the functions of his position because of a serious health condition." *Harrell v. U.S. Postal Serv.*, 445 F.3d 913, 919 (7th Cir. 2006). "At the conclusion of a qualified-leave period, the employee is entitled to return to his former position of employment, or to an equivalent one, with the same terms and benefits." *Id.* "To protect these rights, the FMLA declares it 'unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided.'" *Id.* (quoting 29 U.S.C. § 2615(a)(1)).

"To prevail on an FMLA interference claim, an employee must show that: (1) she was eligible for FMLA protection; (2) her employer was covered by the FMLA; (3) she was entitled to leave under the FMLA; (4) she provided sufficient notice of her intent to

---

under the FMLA. (DE # 47 at 10.)
In her response to defendants' current motion, plaintiff alleges a great deal of additional facts which she contends violated the FMLA. (DE # 56.) The court will disregard these additional facts, however, as plaintiff has not supported any of the facts with admissible evidence and because plaintiff cannot use this response brief to amend her amended complaint. *Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012) ( "[A] plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." (citations and quotations omitted)). For a more detailed explanation of plaintiff's allegations regarding her FMLA claim, see DE # 50.

take FMLA leave; and (5) her employer denied her the right to FMLA benefits."

*Nicholson v. Pulte Homes Corp.*, 690 F.3d 819, 825 (7th Cir. 2012). Under the FMLA, "[t]itle 29 U.S.C. § 2617(a)(l) holds an employee liable for damages if it violates 28 U.S.C. § 2615 (interference with rights, proceedings, or inquiries)[.]" *Velyov v. Frontier Airlines Inc.*, No. 14 CV 71 PP, 2015 WL 3397700, at *5 (E.D. Wis. May 26, 2015)

In order to be entitled to relief, a plaintiff must show that she was "prejudiced" by the FMLA violation:

> To prevail under the cause of action set out in § 2617, an employee must prove, as a threshold matter, that the employer violated § 2615 by interfering with, restraining, or denying his or her exercise of FMLA rights. Even then, § 2617 provides no relief unless the employee has been prejudiced by the violation: The employer is liable only for compensation and benefits lost "by reason of the violation," § 2617(a)(1)(A)(i)(I), for other monetary losses sustained "as a direct result of the violation," § 2617(a)(1)(A)(i)(II), and for "appropriate" equitable relief, including employment, reinstatement, and promotion, § 2617(a)(1)(B). The remedy is tailored to the harm suffered.

*Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002). Thus, if a plaintiff suffered no harm from an FMLA violation, she is not entitled to any relief. *Franzen v. Ellis Corp.*, 543 F.3d 420, 426 (7th Cir. 2008) ("[S]ection 2617 provides no relief unless the plaintiff can prove that he was prejudiced by the violation."); *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 509-10 (6th Cir. 2006) (defendant is entitled to summary judgment on an FMLA claim if a plaintiff has suffered no damages); *Williams v. Toyota Motor Mfg., Ky., Inc.*, 224 F.3d 840, 844-45 (6th Cir. 2000) ("Williams has pointed to no economic benefits that she has lost from the denial of FMLA leave. In fact, Williams offered no evidence of any damages in her brief or at oral argument."), *rev'd on other grounds*, 534 U.S. 184, 122 S.Ct.

681, 151 L.Ed.2d 615 (2002); *Cianci v. Pettibone Corp.*, 152 F.3d 723, 728-29 (7th Cir. 1998) ("Cianci did not suffer any diminution of income, and, on the record before us, incurred no costs as a result of the alleged violation. . . . On this record, Cianci has failed to come forth with any evidence that she has a remedy under the FMLA. In the absence of such support, summary judgment on behalf of the defendant was proper."); *Benz v. W. Linn Paper Co.*, 803 F. Supp. 2d 1231, 1250 (D. Or. 2011) ("[T]he FMLA provides only actual economic damages, and no damages for emotional distress." (citations and quotations omitted)).

In their motion for reconsideration, defendants argue that they are entitled to summary judgment on plaintiff's FMLA claim because even assuming there was an FMLA violation in this case, plaintiff has not suffered any actual harm as a result of the violation. (DE # 53 at 6.) In response, plaintiff claims that she suffered the following harm as a result of the alleged FMLA violation:

> Plaintiff's FLMA rights were interfered with, or denied and as a result was prejudiced in the form of delayed pay, impact on retirement, use of her funds and change of work hours and assignment and duties, her overtime work hours and lost interest. Plaintiff suffered actual harm so there is an FMLA claim. Plaintiff was actually prejudiced by having Defendants conduct thrust upon her. Who wants to be repeatedly not paid correctly for weeks at a time?

(DE # 56 at 6 [all sic].)

With regard to plaintiff's claim that she suffered harm in the form of delayed pay, defendants correctly point out that there is no evidence that the delays in pay plaintiff complains about had anything to do with the alleged FMLA violations. (DE # 57 at 8.) As the court explained in the fact section of its original order, there is no

4

evidence linking the delays in pay to plaintiff's alleged FMLA leave requests. (DE # 50 at 5-8.) In her current response brief, plaintiff fails to cite the record or explain how the alleged FMLA violations resulted in delayed payments. (DE # 56 at 6.) Thus, plaintiff has not shown that any delayed payment was a harm caused by the alleged FMLA violations.

Plaintiff also claims that the alleged FMLA violations impacted her "retirement, use of her funds and change of work hours and assignment and duties, her overtime work hours and lost interest." (DE # 56 at 6.) It is not entirely clear what plaintiff is referring to here, as she neither explains this assertion nor cites to the record to support it. (*Id*.) In her original response brief, plaintiff asserted that certain actions taken by defendant impacted her retirement benefits, but, as the court noted, plaintiff did not support that assertion with evidence in the record. (DE # 50 at 21.) Here too plaintiff fails to direct the court to any evidence that she suffered any of the above-quoted harms as a result of the alleged FMLA interference. And it is not the court's job to make plaintiff's case for her. *Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 853 (7th Cir. 2002) ("[I]t is universally known that statements of attorneys are not evidence."); *see also U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Dominguez v. Quigley's Irish Pub, Inc.*, 790 F. Supp. 2d 803, 805 (N.D. Ill. 2011) (The court "is not required to scour the record for evidence that supports a party's case if the party fails to point it out; that is the counsel's job."). Additionally, plaintiff fails to direct the court to any evidence that the alleged

FMLA violations had any impact on her use of "funds[,]" her overtime hours, her works assignments and duties, and any interest payments she may have been owed.

In its original opinion, the court noted that plaintiff had been damaged by not being granted FMLA leave because she was instead required to use other forms of leave. (DE # 50 at 28.) Plaintiff, however, does not actually explain how not being granted FMLA leave for these instances harmed her. It is undisputed that plaintiff never missed a scheduled appointment; every time plaintiff requested time off to attend a doctor's appointment she was granted time off to attend the appointment. (DE # 50 at 7-8.) Although the leave was not designated as FMLA leave, plaintiff fails to direct the court to any evidence that she was harmed by this leave not being designated as FMLA leave. There is no evidence that plaintiff suffered any monetary losses as a result of this leave not being designated as FMLA leave, and plaintiff has not asked for any sort of equitable relief. *Ragsdale*, 535 U.S. at 89. There is simply no evidence that plaintiff was harmed in any way when this leave was not designated as FMLA leave.

The court is cognizant that a motion to reconsider should only be granted in extraordinary circumstances, but the decision whether to grant a motion to reconsider is squarely within the court's discretion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). In this case, plaintiff has failed to direct the court to any evidence that she was harmed by defendants' alleged FMLA violations. Without any such evidence, summary judgment in defendants' favor is appropriate. *Cianci*, 152

F.3d at 728-29. The court need not spend any further judicial resources on a doomed claim.

For the foregoing reasons, defendants' motion to reconsider (DE # 52) is **GRANTED**. Defendants' motion for summary judgment is therefore granted in its entirety. There being no claims remaining against defendant in this case, the clerk is directed to **ENTER FINAL JUDGMENT** as follows:

> Judgment is entered in favor of defendants the United States Postal Service and United States Postmaster General Megan Brennan, and against plaintiff Carolyn Dennis, who shall take nothing by way of her complaint.

**SO ORDERED.**

Date: August 25, 2015

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT